UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RICHARD VERGARA and STEPHANIE ORTIZ,

                                                                ***COMPLAINT AND***
                                                                ***JURY DEMAND***

                                        Plaintiffs,

        -against-
                                                                Docket No.

JOHN USKE; "JOHN and JANE DOE 1-10",          1:15-cv-6838
individually and in their official capacities (the names
John Doe being fictitious, as the true names are
presently unknown),                                             ECF CASE

                                        Defendants.
-----------------------------------------------------------------------X
        Richard Vergara and Stephanie Ortiz, by their attorney Cary London, Esq., of London

Indusi LLP, for his complaint against Defendants alleges as follows:

## PRELIMINARY STATEMENT

        1. This is a civil rights action in which Plaintiffs seeks relief through 42 U.S.C. §1983

and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

        2. The claim arises from a March 16, 2015 incident in which Defendants, acting under

color of state law, unlawfully grabbed Mr. Vergara and Ms. Ortiz, threw them to the ground,

handcuffed them, and unlawfully detained them for no reason. Defendants, after strip searching

Ms. Ortiz, and finding no contraband, released Ms. Ortiz after detaining her for approximately 2

hours. Defendants, after searching Mr. Vergara, and finding no contraband, arrested Mr. Vergara

for no reason. Mr. Vergara spent approximately 24 hours unlawfully in police custody. After

multiple court appearances, Mr. Vergara reluctantly accepted an Adjournment in Contemplation

of Dismissal.

1

3. Plaintiffs seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiffs Richard Vergara ("Mr. Vergara") and Stephanie Ortiz ("Ms. Ortiz") resided at all times here relevant in Brooklyn, Kings County, City and State of New York.

8. Defendant John Uske, Shield No. 2554 ("Uske") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Uske was, at the time relevant herein, a Police Officer under Shield # 2554 of the 84th Precinct. Defendant Uske is sued in his individual capacity.

9. At all times relevant Defendants John Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiffs does not know the real names and/or shield number of Defendants John Doe 1 through

2

10.

10. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On March 16, 2015, at approximately 6:00 a.m., Mr. Vergara and Ms. Ortiz were sleeping in an apartment at 224 York Street in Brooklyn, King's County, New York.

13. Defendants, including Defendant Uske and John Doe 1-10, banged on the door of 224 York Street apartment demanding the door to be opened.

14. Ms. Vergara opened the front door for Defendants.

15. Defendants entered the apartment and yelled, "Everyone on the fucking floor."

16. The occupants of the apartment were Carlos Vergara, Richard Vergara, Stephanie Ortiz, and Ms. Ortiz's two children, Miranda and Richie.

### *Ms. Ortiz*

17. Ms. Ortiz obeyed Defendants orders and immediately got on the ground.

18. Defendants, including Defendant Uske grabbed Ms. Ortiz's arm while she was on the ground, and put handcuffs on both hands.

19. Ms. Ortiz did not resist arrest.

20. Defendants then pointed a gun at the child, Miranda, and yelled in her face.

21. Ms. Ortiz did not commit any crime and was not violating any local or ordinance.

3

22. The Defendants, including Uske, grabbed Ms. Ortiz, while handcuffed, and brought her to the back bedroom of the apartment.

23. Defendant Jane Doe then put on rubber gloves and strip searched Ortiz without permission or authority.

24. Defendant Jane Doe took Ms. Ortiz's shirt off with a Defendant John Doe in the back bedroom.

25. Defendant Jane doe took Ms. Ortiz's bra off without permission or authority.

26. Defendant Jane Doe touched Ortiz's breasts, with her gloves, and patted her down.

27. Defendant Jane Doe then pulled down Ortiz's pants and underwear in the same motion, and searched her bare crotch area.

28. Defendant John Doe was in the room when Ortiz's bare crotch was exposed.

29. Ms. Vergara was menstruating at the time, and Ms. Vergara was wearing a menstruation pad.

30. When Defendant Jane Doe searched Ortiz's bare crotch area, the menstruation pad fell to the floor.

31. No contraband or anything of illegality was found on Ortiz's person after the strip search.

32. The entire strip search occurred while Ortiz was handcuffed and while Defendant John Doe was present in the room.

33. Defendant Jane Doe said to Ms. Ortiz, "You are a dirty girl," and threw Ms. Ortiz to the ground, while still in handcuffs, after the strip search.

34. Defendants then pulled Ortiz's pants back up, and put her shirt back on.

35. Defendants then brought Ms. Ortiz back to the living room.

4

36. The defendants refused tell Ms. Ortiz why she was being detained despite numerous requests.

## *Mr. Vergara*

37. Mr. Vergara obeyed Defendants orders and immediately got on the ground.

38. Mr. Vergara did not commit any crime and was not violating any local or ordinance.

39. Defendant grabbed Mr. Vergara's arm and unlawfully put handcuffs on him.

40. Defendants did not observe Mr. Vergara commit a crime and did not have probable cause to arrest him.

41. Mr. Vergara did not resist arrest.

42. Defendants searched Mr. Vergara person without permission or authority.

43. There was no contraband or anything of illegality in Mr. Vergara possession.

44. Defendants searched the entire apartment and no contraband or anything of illegality was found.

45. Defendants placed Mr. Vergara in an NYPD vehicle.

46. Defendants un-cuffed Ms. Ortiz after unlawfully handcuffing and detaining her for approximately 2 hours and left her at the location.

47. The defendants refused tell Mr. Vergara why he was being arrested despite numerous requests.

48. Defendants transported Mr. Vergara to the 84th precinct and then to central booking for arraignment.

49. While Mr. Vergara was in central bookings, defendants conveyed false information to prosecutors in order to have Mr. Vergara prosecuted for Criminal Possession of a Controlled Substance in the Seventh Degree.

50. Mr. Vergara was unlawfully held in police custody for approximately 24 hours each and arraigned on those charges.

51. At arraignments, the Judge released Mr. Vergara on his own recognizance.

52. After multiple court appearances, Mr. Vergara reluctantly accepted an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

53. At all times relevant hereto, Defendants were involved in the decision to detain Ms. Oritz and arrest Mr. Vergara without probable cause or failed to intervene in the actions of his fellow officers when he observed them detaining Ms. Ortiz and arresting Mr. Vergara without probable cause.

54. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiffs and violate their civil rights.

55. As a direct and proximate result of the acts of Defendants, Plaintiff's suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

58. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

61. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

62. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

63. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. The individual Defendants created false evidence against Plaintiffs, to wit, sworn documents and testimony alleging that Mr. Vergara possessed drugs on March 16, 2015.

66. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

67. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiffs' right to a fair trial under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

68. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

7

damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

69. The above paragraphs are here incorporated by reference as though fully set forth.

70. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

72. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.


**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiffs' causes of action;

b)   Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiffs demands a trial by jury.

8

Dated:  November 29, 2015
        Brooklyn, New York                              Respectfully submitted,


                                                _____/s/ Cary London, Esq._____
                                                *Cary London, Esq.*
                                                Bar Number: CL2947
                                                Attorney for Plaintiffs
                                                London Indusi LLP
                                                186 Joralemon Street, Suite 1202
                                                Brooklyn, NY 11201
                                                (718) 301-4593 – Phone
                                                (718) 247-9391 – Fax
                                                Cary@LondonIndusi.com